STATE OF HAWAII Plaintiff-Appellee,
v.
VERNON BRADLEY LUKE, Defendant-Appellant
No. 28146.
Intermediate Court of Appeals of Hawaii.
January 28, 2008.
On the briefs:
Paul J. Cunney and Dan C. Oyasato, (Law Office of Paul J. Cunney), for Defendant-Appellant.
Daniel H. Shimizu, Deputy Prosecuting Attorney, City and County of Honolulu, for Plaintiff-Appellee.

SUMMARY DISPOSITION ORDER
By: RECKTENWALD, C.J., WATANABE and FOLEY, JJ.
Defendant-Appellant Vernon Bradley Luke (Luke) appeals from the Judgment filed on August 10, 2006, in the District Court of the First Circuit, Kaneohe Division (district court).[1] The district court convicted Luke of Operating a Vehicle Under the Influence of an Intoxicant (OVUII), in violation of Hawaii Revised Statutes (HRS) 291E-61(a) (1) (Supp. 2002)[2]. The district court sentenced Luke to pay various fines and fees, undergo a substance abuse assessment and any necessary treatment recommended therefrom, and attend a 14-hour substance abuse rehabilitation program.
On appeal, Luke argues that the district court erred when it admitted into evidence State's Exhibits 3 and 4, each of which included a "Supervisor's Sworn Statement" signed by Honolulu Police Department (HPD) Officer Santos, without calling Officer Santos to testify at trial or showing that he was unavailable. Luke contends this error amounted to a violation of his rights under the Confrontation Clause of the Sixth Amendment to United States Constitution  pursuant to State v. Grace, 107 Hawai`i 133, 111 P.3d 28 (App.), cert. denied, 107 Hawaii 384, 113 P.3d 799 (2005), and Crawford v. Washington, 541 U.S. 36, 124 S. Ct. 1354 (2004) because Officer Santos's sworn statements were "testimonial."
Luke also appears to assert that the district court erred by admitting into evidence State's Exhibit 1, "Sworn Statement of Intoxilyzer 5000 Operator," signed by HPD Sergeant Dowkin, because the statement was based on Officer Santos's assertions in State's Exhibits 3 and 4 about the Intoxilyzer's accuracy.
Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we resolve Luke's points of error as follows:
The district court did not err by admitting into evidence State's Exhibits 1, 3, and 4 because Sergeant Santos's sworn statements contained in State's Exhibits 3 and 4 were not "testimonial" and, therefore, not subject to the Confrontation Clause pursuant to Crawford. State v. Marshall, 114 Hawaii 396, 401-02, 163 P.3d 199, 204-05 (2007), cert. denied, No. 27694, 2007 WL 4358284 (Hawai`i Dec. 13, 2007).
Therefore,
The Judgment filed on August 10, 2006, in the District Court of the First Circuit, Kaneohe Division, is affirmed.
NOTES
[1] Per diem District Court Judge Paula Devens presided.
[2] Hawaii Revised Statutes § 291E-61(a)(1) (Supp. 2002) provided:

§ 291E-61 Operating a vehicle under the influence of an intoxicant. (a) A person commits the offense of operating a vehicle under the influence of an intoxicant if the person operates or assumes actual physical control of a vehicle:
(1) While under the influence of alcohol in an amount sufficient to impair the person's normal mental faculties or ability to care for the person and guard against casualty [.]